**Margaret N. MBUGUA, Claire W. Ngare, Petitioners,**

v.

**Alberto GONZALES,\* Attorney General of the United States, Respondent.**

**Nos. 03–4770, 03–4771.**

United States Court of Appeals, Second Circuit.

May 5, 2006.

Giovanna Macri, Buffalo, New York, for Petitioners.

Gretchen Leah Will, Assistant United States Attorney (Thomas P. Colantuono, United States Attorney, on the brief), Concord, New Hampshire, for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. PIERRE N. LEVAL, and Hon. SONIA SOTOMAYOR, Circuit Judges.

---

\* Alberto R. Gonzales is automatically substituted for his predecessor, John Ashcroft, as respondent pursuant to Federal Rule of Appellate Procedure 43(c)(2).

## SUMMARY ORDER

Petitioners Margaret N. Mbugua and Claire W. Ngare petition for review of a March 28, 2003, Board of Immigration Appeals ("BIA") order summarily affirming the May 25, 2001, decision of an immigration judge ("IJ") denying their applications for asylum and withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). Petitioners argue that (1) the IJ erred in determining that they failed to establish that they suffered past persecution or that they had a well-founded fear of future persecution; (2) that they are entitled to withholding of removal and relief pursuant to the CAT; and (3) that the BIA abused its discretion in affirming, without opinion, the decision of the IJ. We affirm the BIA order and deny Mbugua and Ngare's petitions.

Where the BIA has adopted the reasoning of the IJ or affirmed without opinion, we may review the IJ opinion directly. *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Attorney Gen.,* 400 F.3d 963, 964 (2d Cir. 2005).

The infliction of harm or suffering qualifies as persecution only if it is inflicted by a government or persons or groups that a government is unwilling or unable to control. *Damko v. INS,* 430 F.3d 626, 632 (2d Cir.2005); *Matter of Acosta,* 19 I & N Dec. 211, 222–23, 1985 WL 56042 (BIA 1985). The IJ found that petitioners had not provided sufficient evidence to support a conclusion that the men responsible for the actions taken against them were affiliated with the government. The only evidence in support of the fact that Mbugua's harassers were government officials is her assertion that she believed the men who harassed her, followed her, and invaded her home to be affiliated with the government for two reasons: (1) They wore either camouflage uniforms and blue shirts like policemen sometimes wear, or black and red shirts like members of the KANU government sometimes wear; and (2) they mentioned her political activities. On no occasion did any of these men identify themselves as being connected to the government in any way. Moreover, Mbugua was able to secure passports for both herself and her daughter from the Kenyan government prior to their emigration. On this record, the IJ's determination that the Kenyan government was not responsible for petitioners' harassment is supported by substantial evidence. The IJ was therefore entitled to conclude that the petitioners had neither suffered past persecution nor established a well-founded fear of future persecution.

Because Mbugua and her daughter are ineligible for asylum, the IJ properly concluded that they could not meet the higher burden required for establishing eligibility for withholding of removal. *Secaida–Rosales,* 331 F.3d at 306. Furthermore, the IJ did not err in concluding that Mbugua and Ngare failed to prove that it is more likely than not that they will be tortured if they return to Kenya. Accordingly, their claim for relief pursuant to the CAT fails. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 186 (2d Cir.2004).

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby **AFFIRMED** and the petition for review is **DENIED**.

Petitioner's pending motions to supplement oral argument and to remand to the BIA to consider petitioner's adjustment of status application are unnecessary to the disposition of the case or beyond our jurisdiction and are hereby **DENIED** without prejudice to petitioner's claim for adjust-

ment of status. Petitioner's pending motion for a stay of deportation is also **DE-NIED**, and the deportation order is hereby **STAYED** for 30 days from the filing of this order during which time petitioner may apply for adjustment of status with the appropriate authorities.